```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
     CHARLOTTE DIVISION
        3:14-cv-206-FDW
```

| | |
|---|---|
| BRANDON GERALD STEELE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )   **ORDER** |
| | ) |
| DENNIS MARSHALL, et al., | ) |
| | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Brandon Gerald Steele, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution, filed this action on April 24, 2014, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names the following persons as Defendants, all alleged to be employees at Lanesboro at all relevant times: (1) Dennis Marshall, Unit Manager; (2) FNU Lambert, Sergeant; (3) FNU Radka, Officer; (4) FNU English, Sergeant; (5) FNU Harrington, Officer; (6) FNU Hoyle, Officer; and (7) FNU Griffin, Officer. Plaintiff purports to bring a claim against Defendants of an Eighth Amendment violation based on conditions of confinement. On October 31, 2014, this Court conducted an initial review, concluding that Plaintiff satisfied initial review as to all Defendants except for Defendants Griffin, Harrington, and English. Since the initial review, summonses have been returned as unexecuted as to Defendants Radka and Hoyle. See (Doc. Nos. 13: 16).

Generally, a plaintiff is responsible for effectuating service on each named Defendant

1

within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Radka and Hoyle. If the U.S. Marshal obtains the home addresses for Defendants Radka and Hoyle, the addresses may be redacted from the summons forms for security purposes following service on these Defendants.

**IT IS SO ORDERED**.

The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

_____
Frank D. Whitney
Chief United States District Judge