**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-206-FDW**

| | |
|---|---|
| **BRANDON GERALD STEELE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **DENNIS MARSHALL, et al.,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on a motion by Defendants Marshall, Lambert, Radka, and Hoyle, requesting that the stay previously entered in this matter, (Doc. No. 50), be lifted because Plaintiff's North Carolina Industrial Commission action has been resolved. Also pending is Defendants' Motion Re: Plaintiff's Intention to Further Prosecute, (Doc. No. 53).

The Court first finds that Defendants have submitted to the Court that Plaintiff's claim before the North Carolina Industrial Commission has been denied. Thus, Defendants' request to lift the stay and issue a scheduling order will be allowed. For good cause shown, it is therefore ordered that the stay previously entered in this matter shall be lifted. The Court will amend its previously entered scheduling order, setting deadlines for discovery and for dispositive motions.

The Court further finds that it appears that Plaintiff's address is listed on this Court's docket as Central Prison in Raleigh, North Carolina. However, the North Carolina Department of Public Safety website indicates that Plaintiff has been released from custody. Plaintiff has not contacted the Court with his new address. Plaintiffs have a general duty to prosecute their

cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff twenty days in which to notify the Court of his updated address.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Lift Stay, (Doc. No. 52), is **GRANTED**.

2. Defendants' Motion Re Plaintiff's Intention to Further Prosecute, (Doc. No. 53), is **GRANTED** to the extent that the Court hereby orders Plaintiff to show cause why this action should not be dismissed for failure to prosecute. If Plaintiff does not respond to this Order within twenty days of service, the Court will dismiss this action without prejudice to Plaintiff for failure to prosecute this action.

Signed: July 27, 2018

_____
Frank D. Whitney
Chief United States District Judge